**Peter David CHANT, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71981.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2003.*

Decided Aug. 1, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Peter Chant petitions for review of a Board of Immigration Appeals ("BIA") removal order.[1] We dismiss Chant's petition for lack of jurisdiction.

■ This court does not have jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... [8 U.S.C. § ]1227(a)(2)(A)(iii),(B),(C), or (D)." 8 U.S.C. § 1252(a)(2)(C). Constitutional challenges to the removal of aliens who have been convicted of one of the enumerated offenses must be raised in district court through habeas petitions. *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1064 (9th Cir.2003). We retain jurisdiction, however, "to determine whether a petitioner 'is an alien [removable] by reason of having been convicted of one of the enumerated offenses.'" *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000) (quoting *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999)).

■ Chant claims that he is not an alien because he has obtained nationality through, *inter alia*, his extended stay in the United States, his application for naturalization, his oath of loyalty, and his many recitations of the Pledge of the Allegiance and Boy Scout Oath. This claim of nationality is foreclosed by *Perdomo–Padilla v. Ashcroft*, 333 F.3d 964, 965 (9th Cir.2003), which held that "a person may become a 'national of the United States' only through birth or naturalization." Because Chant was neither naturalized nor born in a territory of the United States he is not a national of the United States.

■ Chant also contends that the Child Citizenship Act ("CCA"), 8 U.S.C. § 1431(a), applies retroactively to grant him citizenship based on his father's naturalization. This exact argument was rejected in *Hughes v. Ashcroft*, 255 F.3d 752, 760 (9th Cir.2001). The CCA does not apply to Chant.

■ Because Chant is neither a national nor a citizen of the United States, he is "an alien who is removable by reason of having committed" one of the enumerated crimes. 8 U.S.C. § 1252(a)(2)(C). We therefore do not have jurisdiction over Chant's remaining challenges to his removal. *See Flores–Miramontes*, 212 F.3d at 1143.

### PETITION DISMISSED.

■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.